IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RUSSELL EUGENE BISNER,<br><br>Petitioner,<br><br><br><br>vs.<br><br>WARDEN LOWELL CLARK,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:06-CV-417 TS |

This matter is before the Court on Petitioner's Motion for Redetermination.[1]  This Court construes Petitioner's Motion as a Fed. R. Civ. P. 60(b) Motion to Reconsider.  Petitioner's case was dismissed pursuant to a September 6, 2006 Order.[2]  That Order articulated that Petitioner's habeas petition was barred by the applicable period of limitation—consistent with Petitioner's admission—and that equitable tolling did not apply.  Petitioner now argues that he was incorrect in conceding that his claim was barred by the period of limitations.  Specifically, Petitioner requests that the Court revisit computation of the tolling period.

---

[1] Docket No. 6.  Petitioner proceeds *pro se* in this action.

[2] Docket No. 3.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3]

The Court finds that none of the above-mentioned factors are present, and that reconsideration is not appropriate.  By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[4]  Petitioner has set forth no new evidence that leads the Court to believe that Petitioner has brought his claim within the one-year period of limitation.  Moreover, despite including the precise periods during which Petitioner alleges that the statute was tolled, Petitioner's claim still does not meet the applicable one-year period of limitation.

It is therefore,

ORDERED that Petitioner's Motion to Reconsider (Docket No. 6) is DENIED.

DATED   March 27, 2007.


BY THE COURT:


_____
TED STEWART
United States District Judge

_____

[3]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4]28 U.S.C. § 2244(d)(2).

2